1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

LORI CABRAL,

                                        Plaintiff,

v.

ANTICA TRATTORIA, INC., a
California Corporation,

                                        Defendant.

Case No.: 18cv573-MMA (NLS)

**ORDER DENYING DEFENDANT'S MOTION TO STAY**

[Doc. No. 7]

On March 20, 2018, Plaintiff Lori Cabral ("Plaintiff") commenced the instant action against Defendant Antica Trattoria, Inc. ("Defendant") alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California's Unruh Civil Rights Act, California Civil Code §§ 51 *et seq. See* Complaint. On May 30, 2018, Defendant filed a motion to stay proceedings pursuant to California Civil Code § 55.54(d)(1), and requests a mandatory early evaluation conference pursuant to Civil Code § 55.54(d)(2). *See* Doc. No. 7. California Civil Code § 55.54 "outlines a mandatory procedural requirement for a state court to order a 90-day stay of proceedings and set a mandatory early evaluation conference between [50] and [70] days after the order is issued in cases involving certain types of construction-related accessibility claims." *Oliver v. Hot Topic, Inc.*, No. 10-CV-1111 BEN (AJB), 2010 WL 4261473, at

*1 (S.D. Cal. July 27, 2010); *see also* Cal. Civ. Code § 55.54(d)(1)-(2). The Court is mindful that Defendant's motion is not fully briefed. However, upon review of Defendant's motion and the applicable law, the Court finds that further briefing is unnecessary. *See Camboni v. Brnovich*, No. 15-CV-2538-PHX-JAT, 2016 WL 4592160, at *1 n.1 (D. Ariz. Sept. 2, 2016). For the reasons set forth below, the Court **DENIES** Defendant's motion.

With respect to Plaintiff's ADA claim, the Ninth Circuit has explained that "for federal law to preempt state law, it is not necessary that a federal statute expressly state that it preempts state law. Federal law preempts state law if the state law actually conflicts with federal law." *Hubbard v. SoBreck, LLC*, 554 F.3d 742, 744 (9th Cir. 2009) (internal quotation marks omitted). "The ADA does not provide mandatory stays and early evaluation conferences to accommodate site inspections." *Daubert v. City of Lindsay*, 37 F. Supp. 3d 1168, 1179 (E.D. Cal. 2014). Thus, "section 55.54's provisions are preempted by the ADA and cannot be applied to plaintiff's ADA claim." *Lamark v. Laiwalla*, No. 12-CV-3034 WBS AC, 2013 WL 3872926, at *1 (E.D. Cal. July 25, 2013); *see also Moreno v. Town and Country Liquors*, No. 12-CV-729 JAM-KJM, 2012 WL 2960049, at *4 (E.D. Cal. July 19, 2012) (noting that § 55.54 does not apply to the plaintiff's ADA claim because the requirements "would impermissibly add procedural hurdles to a purely federal claim."). Defendant acknowledges this point, stating that it "recognizes that federal courts in California have found that California Civil Code section 55.54 does not apply to Plaintiff's ADA claims because federal law preempts it." Doc. No. 7 at 2. As such, the Court finds that the ADA preempts the provisions of § 55.54(d).

With respect to Plaintiff's Unruh Civil Rights Act claim, Defendant contends that "since there is no liability under the ADA, the sole potential cause of action lies under the Unruh Act and a stay is appropriate and warranted." *Id.* The Court disagrees. Pursuant to the *Erie* doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426

(1996)).  "This doctrine also applies in federal question cases if a supplemental claim has its source in state law."  *Oliver*, 2010 WL 4261473, at *1 (citing *Felder v. Casey*, 487 U.S. 131, 151 (1988)).  "Whether a state law is procedural or substantive depends on whether the application of the state law will 'significantly affect the *result* of the litigation'—the outcome determination test."  *Id.* (quoting *Snead*, 237 F.3d at 1090) (emphasis in original).

"It appears that all California federal courts to have considered the issue have found that, under *Erie* . . ., and related cases, a federal court should *not* apply the procedures of California Civil Code section 55.54 to supplemental state law claims either because its provisions are not outcome determinative."  *Moreno v. Vohra*, No. 14-CV-539 AWI MJS, 2014 WL 2721770, at *1 (E.D. Cal. June 16, 2014) (emphasis added); *see also O'Campo v. Chico Mall, LP*, 758 F. Supp. 2d 976, 985 (E.D. Cal. 2010) (denying the defendant's motion for a stay and early evaluation conference because application of California Civil Code Section 55.54 to the plaintiff's state law claims "does not appear to be outcome determinative"); *Town and Country Liquors*, 2012 WL 2960049, at *4 (same); *Oliver*, 2010 WL 4261473, at *1 (denying the defendant's request for an order staying the case and ordering an early evaluation conference because "§ 55.54(d) is not likely to change the end result of the litigation because it simply dictates a mechanism for scheduling the case.").  As such, the Court finds that application of § 55.54(d) to Plaintiff's Unruh Civil Rights Act claim is inappropriate because the provisions of § 55.54(d) are not outcome determinative.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, the Court **DENIES** Defendant's motion for an order staying the case and ordering an early evaluation conference pursuant to §55.54(d). In light of the fact that Defendant has filed an answer to Plaintiff's Complaint (Doc. No. 6), the assigned magistrate judge will conduct an Early Neutral Evaluation Conference as prescribed by Civil Local Rule 16.1.c in due course.

**IT IS SO ORDERED.**

Dated: June 1, 2018

HON. MICHAEL M. ANELLO
United States District Judge